**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MILISA LOPEZ MORALES, et al | * |
| Plaintiffs | * |
| v. | *   Civil No. 03-1155(SEC) |
| HOSPITAL HERMANOS MELENDEZ INC., et al | * |
| Defendants | * |

**OPINION AND ORDER**

Pending before the Court is Third Party Co-defendants Sistema de Atención Pediátrica's (hereinafter "SIAP") and Dr. Sonia Cuellar's Motion for Summary Judgement on the Third Party Complaint (Dockets ## 75-1, 75-2 & 75-3), which Third Party Co-defendants Dr. Antonio Vera Arocho and Dr. Máximo R. Ortega Torres have joined (see Dockets ## 82 & 84). Third Party Plaintiffs Hospital Hermanos Meléndez and American International Insurance Company opposed summary judgement (Docket # 85) and Third Party Co-defendants Dr. Vera and Dr. Ortega replied.

Also pending is Third Party Plaintiffs' and Third Party Co-defendants SIAP's and Dr. Sonia Cuellar's Motion for Voluntary Dismissal (Docket # 94). As stated in that motion, Third Party Plaintiffs and Third Party Co-defendants SIAP and Dr. Sonia Cuellar have agreed to the voluntary dismissal with prejudice, but without the imposition of costs or attorneys' fees, of the Third Party Complaint against SIAP and Dr. Cuellar.

The Court will **GRANT** Third Party Plaintiffs' and Third Party Co-defendants SIAP's and Dr. Cuellar's Motion for Voluntary Dismissal and will enter Partial Judgement accordingly. Said Partial Judgement renders **MOOT** Third Party Co-defendants SIAP's and Dr. Cuellar's Motion for Summary Judgement (Docket # 75). However, since Third Party Co-defendants Dr. Vera and Dr. Ortega had joined the foregoing request for summary disposition, the Court will consider the arguments contained therein as they apply to Third Party Co-defendants Dr. Vera and Dr. Ortega. For the reasons set forth below, the Court will

**Civil No. 03-1155(SEC)** 2
_____

**DENY** summary judgement as to those Third Party Co-defendants.

### Procedural and Factual Background

Plaintiffs, a severely injured child along with his parents and maternal grandparents, filed suit against Hospital Hermanos Meléndez and its insurer American International Insurance Company for medical malpractice. Briefly stated, Plaintiffs alleged that Co-defendant Hospital Hermanos Meléndez had negligently managed and treated an episode of respiratory distress of newborn Jomar Matos López , resulting in Jomar's permanent and incapacitating brain damage and respiratory difficulties (Docket #1, ¶ 17).

After answering the complaint (Docket # 8), Defendants filed a Third Party Complaint against Dr. Cuellar,[1] SIAP,[2] Dr. Vera, and Dr. Ortega (Docket # 12). Defendants, now Third Party Plaintiffs, averred that since at the time of the incident alleged in the complaint baby Jomar López had been under the care of individual Third Party Defendants, they should be liable to Third Party Plaintiffs for the totality, or part of, the damages claimed by Plaintiffs.

Some time and filings after, Third Party Defendants filed the instant Motion for Summary Judgement.[3] In its pertinent part as to Third Party Co-defendants Dr. Vera and Dr. Ortega, the motion asserted two alternate grounds for summary judgement: (1) Third Party Plaintiffs do not have their own expert witness to support their allegations against Third Party Defendants (Dockets ## 75-1, 82) and (2) there is no causal relationship between the treatment provided by Third Party Defendants and the damages suffered by Jomar López (Id).

---

[1] Dr. Cuellar had been the first doctor to treat baby Jomar Matos after the onset of the respiratory distress. She continued treatment until the child's doctors, Dr. Vera and Dr. Ortega, arrived. (Docket # 75-18, Ex. XV, p. 1.

[2] Pursuant to a contract between SIAP and Hospital Hermanos Meléndez, the former hired physicians to work in the latter's emergency room. Dr. Cuellar was one such physician. See, Docket #75-3, SUF ##2 & 4.

[3] As explained above, Third Party Co-defendants Dr. Vera and Dr. Ortega moved for joinder, adopting by reference the arguments referring to the expert witness and the lack of causality.

**Civil No. 03-1155(SEC)**                                                                                                                3
_____

**Standard of Review**

Fed. R. Civ. P. 56(b) provides that: "A party against whom a claim . . . is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part [of the claims asserted against him/her]." The Court may grant the movant's motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248(1986); Ramírez Rodríguez v. Boehringer Ingelheim, 425 F.3d 67, 77 (1st Cir. 2005). At this stage, the court examines the record in the "light most favorable to the nonmovant," and indulges all "reasonable inferences in that party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

Once the movant has averred that there is an absence of evidence to support the nonmoving party's case, the burden shifts to the nonmovant to establish the existence of at least one fact in issue that is both genuine and material. Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (citations omitted). "A factual issue is 'genuine' if 'it may reasonably be resolved in favor of either party' and, therefore, requires the finder of fact to make 'a choice between the parties' differing versions of the truth at trial.'" DePoutout v. Raffaelly, 424 F.3d 112, 116 (1st Cir. 2005) (quoting from Garside, 895 F.2d at 48 (1st Cir. 1990). By like token, 'material' "means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant." Rojas-Ithier v. Sociedad Española de Auxilio Mutuo, 394 F.3d 40, 42-43 (1st Cir. 2005) (citations omitted). Therefore, there is a trial-worthy issue when the "evidence is such that there is a factual controversy pertaining to an issue that may affect the outcome of the litigation under the governing law, and the evidence is sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side." Id (citations omitted).

**Civil No. 03-1155(SEC)**                                                                                                          4
_____

In order to defeat summary judgement, the opposing party may not rest on conclusory allegations, improbable inferences, and unsupported speculation. See, Hadfield v. McDonough, 407 F.3d 11, 15 (1st Cir. 2005) (citing Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). Nor will "effusive rhetoric" and "optimistic surmise" suffice to establish a genuine issue of material fact. Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997). Once the party moving for summary judgement has established an absence of material facts in dispute, and that he or she is entitled to judgement as a matter of law, the 'party opposing summary judgement must present definite, competent evidence to rebut the motion.' Méndez-Laboy v. Abbot Lab., 424 F.3d 35, 37 (1st Cir. 2005) (quoting from Maldonado-Denis v. Castillo Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). "The nonmovant must 'produce specific facts, in suitable evidentiary form' sufficient to limn a trialworthy issue. . . . Failure to do so allows the summary judgment engine to operate at full throttle." Id.; see also Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991) (warning that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence."); Medina-Muñoz, 896 F.2d at 8, (quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)) (holding that "[t]he evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve.").

When determining whether to grant summary judgment, the Court may not weigh the evidence. Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668 (1st Cir. 1994). Summary judgment "admits of no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails." Id. (citing Greensburg v. P.R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987)). Accordingly, if the facts permit more than one reasonable inference, the court on summary judgment may not adopt the inference least favorable to the non-moving party. Id at 684.

**Civil No. 03-1155(SEC)**                                                                                                      5
_____

**Applicable Law and Analysis**

(1) Third Party Plaintiffs' lack of their own expert witness

Third Party Defendants contend that the Third Party Complaint should be dismissed because Third Party Plaintiffs have failed to produce their own expert witness to support the allegations against them. Third Party Defendants point to the fact that the Third Party Complaint alleges that they incurred in medical malpractice in the treatment of baby Jomar (Docket # 12 ¶ 7), and then argue that expert testimony is usually necessary in order to establish a breach in a physician's duty of care (Docket # 75-2, p. 26). Since Third Party Plaintiffs have not produced their own expert witness to establish the doctors' breach of duty but rely instead on the statements by one of Plaintiff's expert witnesses, Dr. Crawford, and since Plaintiffs have not themselves sued Third Party Defendants, the latter would have the Court conclude that the Third Party Complaint cannot stand because there is no expert testimony to support its allegations.

In support of said contention, Third Party Defendants quote extensively from <u>Rojas v. Sociedad Española de Auxilio Mutuo</u>, 394 F.3d 40 (1st Cir. 2005). The defendant in that case, also a hospital, was sued for the death of a newborn baby. The hospital filed a third party complaint against the mother's obstetrician. That doctor moved for summary judgement and in support thereof, submitted two expert opinions that attributed the infant's death solely to the negligence of the hospital and its nurses. The hospital did not furnish any expert opinion to support its allegations that the obstetrician had breached the standard of care. Instead, in order to defeat the motion for summary judgement, the hospital attempted to create an issue of material fact where none existed. Additionally, the hospital contended that no expert opinion was necessary to prove its case because the obstetrician's conduct was so egregious that the court did not need help from an expert witness to establish the nexus between the doctor's negligence and the damages. The Court of Appeals held that said argument was unsupported by any evidence and applied the rule that bald assertions are

**Civil No. 03-1155(SEC)**                                                                                                                6
_____

insufficient to create a genuine issue of material fact that could in turn preclude summary judgement. See, Id, at 44-45.

As opposed to Rojas, Third Party Plaintiffs in this case have consistently relied on one of Plaintiff's expert witnesses, Dr. Crawford, to support their allegations against Third Party Defendants (Docket # 85-1, p.4). Third Party Plaintiffs assert that it is unnecessary, as it is unduly burdensome, to require them to retain an additional expert witness to state that which Plaintiff's expert witness has already expressed. The Court agrees with Third Party Plaintiffs. While "a plaintiff bent on establishing a breach of a physician's duty of care ordinarily must adduce expert testimony to limn the minimum acceptable standard and confirm the defendant doctor's failure to meet it", Cortés Irizarry, 111 F.3d 184, 190 (1st Cir. 1997), that does not mean that a third party plaintiff must retain an expert witness when there is already an expert opinion, furnished by another party, that supports the allegations against the doctors. Here there is an expert witness that has rendered an opinion whereby she attributes some negligence to Dr. Vera and Dr. Ortega as a result of their departures from the standard of care. In particular, Dr. Crawford states that Dr. Vera and Dr. Ortega "did not specifically request that a blood pressure be taken. The majority of the babies that have suffered such a severe hypoxic-ischemic insult (H-I-I) are volume depleted and require a bolus of fluids to restore the circulating blood volume and to help correct metabolic acidosis." (Docket # 85-3. Ex. I, p.5). She concluded that "[t]hese inactions were departures from the standard of care and contributed to Jomar's brain injury." (Id.) See also, Docket # 75-21, Ex. VIII, p. 2 (stating that most of the damage was done before Dr. Cuellar and Dr. Vera got involved, but some of it was ongoing). These statements by Dr. Crawford are enough to support Third Party Plaintiffs' contention that Dr. Vera and Dr. Ortega breached the duty of care and that said breach caused part of the damages suffered by baby Jomar.

(2) Lack of causal relationship between the treatment provided by Dr. Vera and Dr. Ortega and the baby's damages

Dr. Vera and Dr. Ortega also move for summary judgement on the Third Party Complaint on the ground that there is no causal relationship between their actions and the damages. The Court need not discuss this point extensively. As stated above, Dr. Crawford rendered an expert opinion in which she attributed to Dr. Vera and Dr. Ortega a deviation from the standard of care that contributed to baby Jomar's damages (Docket # 85-3). In deposition she reiterated that the actions by Dr. Vera and Dr. Ortega had an effect on baby Jomar's condition, albeit a minor one (Docket # 75-13, Ex. X, p.2). Those statements address both negligence and causation. That other expert witnesses do not share Dr. Crawford's opinion regarding Dr. Vera's and Dr. Ortega's alleged negligence is an issue of fact and is best left for the trier of fact, the jury. Nor is the fact that Plaintiffs decided not to sue Dr. Vera and Dr. Ortega relevant to our analysis. The Court will not speculate as to the strategy chosen by Plaintiffs when fashioning their complaint against some individuals but not others.

**Conclusion**

For the reasons set herein, the Motion for Summary Judgment is **DENIED** as to Co-defendants Dr. Vera and Dr. Ortega and is held **MOOT** as to Co-defendants SIAP and Dr. Cuellar. Third Party Plaintiffs' and Co-defendants Dr. Cuellar's and SIAP's Motion for Voluntary Dismissal is **GRANTED.** Partial Judgement shall be entered accordingly.

        **SO ORDERED.**
In San Juan, Puerto Rico, this 30th day of November, 2005.

        S/ *Salvador E. Casellas*
        SALVADOR E. CASELLAS
        U.S. Senior District Judge